IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OLLIE MCKINNIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-00560-CG-M |
| | ) |
| **TROY KING, et al.,** | ) |
| | ) |
| Defendants. | |

### ORDER

This matter is before the court on the motion of defendant, Denise I. Littleton, to dismiss (Doc. 13), plaintiff's response thereto (Doc. 17), Littleton's amended motion to dismiss (Doc. 30), and plaintiff's opposition thereto (Docs. 32, 34).  The court finds that res judicata bars plaintiff's claims against Denise I. Littleton.  Therefore, Littleton's motions to dismiss are due to be **GRANTED**.

### BACKGROUND

This case arises from a foreclosure sale of property owned by plaintiff, Ollie McKinnis. McKinnis filed a lawsuit against Littleton and Household Finance Corporation in the Circuit Court of Mobile County, Alabama, on April 18, 2007. (Doc. 13, Ex. 2).  McKinnis alleged that the sale was illegal and voidable because 1) two separate tracts were sold as one; 2) a bank cannot buy back a piece of property itself, unless provided for in the mortgage contract; 3) the information in the notice of foreclosure sale was false and misleading; and 4) he was denied the right "to know specifically the time of the sale."  (Doc. 13, Ex. 3 - Amended Complaint).  On September 19, 2007, Circuit Court Judge Charles Graddick, after notice and a hearing, dismissed

1

McKinnis' complaint with prejudice on summary judgment. (Doc. 13, Exs. 1, 4).  Plaintiff appealed the order to the Alabama Court of Civil Appeals.  On April 14, 2007, the Alabama Court of Civil Appeals dismissed McKinnis' appeal for lack of prosecution. (Doc. 30, Ex. A-2).

In the current action, McKinnis alleges that ALA. CODE §§ 35-10-8 and 35-10-13, which address how notice of sale is to be given for foreclosure sales, "are constitutionally invalid in that said statutes Does Not provide or require that 'Any Notice at all of the actual or near approximate time of the Foreclosure sale be given to plaintiff/mortgagee.'" (Doc. 1, ¶ 2). McKinnis alleges that Denise I . Littleton's failure to provide proper notice of the foreclosure sale violated plaintiff's due process right. (Id.).  Plaintiff further alleges that ALA. CODE §6-5-251, which requires the delivery of land to the purchaser by the debtor or mortgagor within 10 days after written demand for possession, is unconstitutional. (Id. at ¶ 4).  McKinnis' complaint seeks a declaration that the statutes are unconstitutional, relief from the application of the statutes, and compensatory and punitive damages from defendants, Household Mortgage and Denise I. Littleton, in the amount of $350,000.00.

**DISCUSSION**

Defendant, Denise I. Littleton, moves this court to dismiss plaintiff's claims against her as barred by the doctrine of res judicata.  "Res judicata, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in a previous suit between the parties that resulted in a final judgment on the merits." Sherrod v. School Bd. of Palm Beach County, 2008 WL 926400, * 1 (11th Cir. April 7, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)).  "A party seeking to invoke res judicata must satisfy four

elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.' Id. (quoting In re Piper Aircraft supra).  Clearly the decisions by the Circuit Court of Mobile County, Alabama, and the Alabama Court of Civil Appeals were rendered by courts of competent jurisdiction.  It is equally clear that the decision dismissing plaintiff's prior claim is final and was entered on the merits since it was dismissed on summary judgment after notice and a hearing and plaintiff's appeal is complete.   The dismissal of the appeal rendered the Mobile County Circuit Court order final, non-appealable, and a judgment on the merits.

  Plaintiff argues that there is no privity because the conduct of defendant Littleton which gave rise to the earlier suit was not authorized, sanctioned by, or participated in, by defendant Troy King.  Plaintiff appears to believe that Ms. Littleton's motion, if granted, would dismiss all of plaintiff's claims.  However, the current motion only addresses plaintiff's claims against the movant, Denise I. Littleton.  There does not have to be complete identity, only identity of parties as to the claims against which res judicata is asserted. Chapman Nursing Home, Inc. v. McDonald, --- So.2d —, 2007 WL 3409013, *4 (Ala. 2007) (" '[T]he party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action [.]" citing Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala. 1990)).  The claims against Denise I. Littleton in this suit clearly involve the same parties as the claims asserted by McKinnis against Denise I. Littleton in the prior suit.

  Plaintiff argues that the causes of action are different in this case than the causes of action

in the prior case. However, causes of action in a second suit are barred if they could have been raised in the first suit. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003); Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984) (Res judicata "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'"). "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1356-57 (11th Cir. 1998)( quoting Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992)). Plaintiff's claims against Littleton in this suit arise out of the same nucleus of fact as the claims asserted in plaintiff's prior case. Plaintiff's claims all arise out of the foreclosure sale of plaintiff's property that occurred on March 22, 2007. More specifically, they all arise out of the adequacy of the notice of sale that was provided for the foreclosure sale. As such, the court finds that the claims are barred by res judicata

## CONCLUSION

For the reasons stated above, the motions of defendant, Denise I. Littleton, to dismiss (Docs 13 & 30) are **GRANTED,** and plaintiff's claims against **Denise I. Littleton** are hereby **DISMISSED**.

**DONE and ORDERED** this 5th day of June, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE