IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OLLIE MCKINNIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-00560-CG-M |
| ) | |
| **TROY KING, et al.,** ) | |
| ) | |
| **Defendants.** | |

## ORDER

This matter is before the court on the motion of defendants, Household Mortgage and Fidelity National Foreclosure, for summary judgment (Doc. 38) and plaintiff's response thereto (Doc. 46). The court finds that res judicata bars plaintiff's claims against these defendants. Therefore, defendants' motion for summary judgment is due to be granted.

## BACKGROUND

This case arises from a foreclosure sale of property owned by plaintiff, Ollie McKinnis. McKinnis filed a lawsuit on April 18, 2007, against Household Mortgage/Fidelity National Foreclosure in the Circuit Court of Mobile County, Alabama.[1] (Doc. 13, Ex. 2). McKinnis alleged that the sale was illegal and voidable because 1) two separate tracts were sold as one; 2) a bank cannot buy back a piece of property itself, unless provided for in the mortgage contract; 3) the information in the notice of foreclosure sale was false and misleading; and 4) he was

---

[1] The complaint was later amended to include Denise I. Littleton and Household Finance Corporation as defendants. (Doc. 13, Ex. 3).

denied the right "to know specifically the time of the sale." (Doc. 13, Ex. 3). On September 19, 2007, Circuit Court Judge Charles Graddick, after notice and a hearing, dismissed McKinnis' complaint with prejudice on summary judgment. (Doc. 13, Exs. 1, 4). Plaintiff appealed the order to the Alabama Court of Civil Appeals. On April 14, 2007, the Alabama Court of Civil Appeals dismissed McKinnis' appeal for lack of prosecution. (Doc. 30, Ex. A-2).

In the current action, McKinnis alleges that ALA. CODE §§ 35-10-8 and 35-10-13, which address how notice of sale is to be given for foreclosure sales, "are constitutionally invalid in that said statutes Does Not provide or require that 'Any Notice at all of the actual or near approximate time of the Foreclosure sale be given to plaintiff/mortgagee.'" (Doc. 1, ¶ 2)$^2$. McKinnis alleges that defendants' failure to provide proper notice of the foreclosure sale violated plaintiff's due process right. (Id.). Plaintiff further alleges that ALA. CODE §6-5-251, which requires the delivery of land to the purchaser by the debtor or mortgagor within 10 days after written demand for possession, is unconstitutional. (Id. at ¶ 4). McKinnis' complaint seeks a declaration that the statutes are unconstitutional, relief from the application of the statutes, and compensatory and punitive damages from defendants in the amount of $350,000.00.

**DISCUSSION**

Defendants, Household Mortgage and Fidelity National Foreclosure move for summary

---

$^2$ The court notes that plaintiff amended his complaint on September, 13, 2007. (Doc. 4). However, the amendment only revises the jurisdictional statement and does not restate plaintiff's claims.

judgment on the basis that plaintiff's claims are barred by the doctrine of res judicata.³  "Res judicata, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in a previous suit between the parties that resulted in a final judgment on the merits." Sherrod v. School Bd. of Palm Beach County, 272 Fed. Appx. 828, 829 (11th Cir. 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)).  "A party seeking to invoke res judicata must satisfy four elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.' Id. (quoting In re Piper Aircraft supra).  Clearly the decisions by the Circuit Court of Mobile County, Alabama, and the Alabama Court of Civil Appeals were rendered by courts of competent jurisdiction.  It is equally clear that the decision dismissing plaintiff's state court claims is final and was entered on the merits since it was dismissed on summary judgment after notice and a hearing and plaintiff's appeal is complete.   The dismissal of the appeal rendered the Mobile County Circuit Court order final, non-appealable, and a judgment on the merits.  The court finds that the cases also involve the same causes of action.⁴

---

³ This court previously granted a similar motion by defendant, Denise I. Littleton. (Doc. 36).

⁴ Causes of action in a second suit are barred if they could have been raised in the first suit. See Davila v.  Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003); Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984) (Res judicata "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'").  "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356-57 (11th Cir. 1998)( quoting Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992)). Plaintiff's claims against the defendants in this suit arise out of the same nucleus of facts as the claims asserted in plaintiff's prior case.  Plaintiff's claims all arise out of

Therefore, the claims are barred by res judicata.

Plaintiff argues that defendants Household Mortgage and Fidelity National Foreclosure did not attend the hearing on summary judgment in the prior case. As such, plaintiff contends that these defendants did not meet their burden of proof in the prior case and should not be allowed to enjoy the benefit of the earlier summary judgment ruling. Plaintiff also attacks the correctness of the ruling in the prior case. However, whether or not these defendants attended the hearing does not affect the merit or authority of the state court's ruling. Household Mortgage and Fidelity National Foreclosure moved for summary judgment in the state court action and, after notice and a hearing, the state court granted the motion. Plaintiff was free to raise any objections he had to the state court's ruling in his appeal of the matter.

## CONCLUSION

For the reasons stated above, the motion of defendant, Household Mortgage and Fidelity National Foreclosure, for summary judgment (Docs 38) is **GRANTED.**

**DONE and ORDERED** this 31st day of December, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

the foreclosure sale of plaintiff's property that occurred on March 22, 2007. More specifically, they all arise out of the adequacy of the notice of sale that was provided for the foreclosure sale.